# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| I PEE HOLDING, LLC, | Civil Action No.: 1:24-cv-7302 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | **Jury Trial Demanded** |
| CLAIRE'S STORES, INC. and CBI DISTRIBUTING CORP., | |
| Defendants. | |

Plaintiff I Pee Holding, LLC ("IPH" or "Plaintiff") brings this action against defendants Claire's Stores, Inc. and CBI Distributing Corp. (collectively, "Claire's") for patent infringement.

## PARTIES

1. Plaintiff IPH is an Illinois limited liability company with a principal place of business in Vernon Hills, Illinois. IPH's sole member, Jeff Schrimmer, is an individual who is a United States citizen domiciled in Illinois.

2. Upon information and belief, defendant Claire's Stores, Inc. is a Florida corporation with a principal place of business in Hoffman Estates, Illinois.

3. Defendant CBI Distributing Corp. is a Delaware corporation with its principal place of business in Hoffman Estates, Illinois. Upon information and belief, CBI Distributing Corp. is a wholly owned subsidiary of Claire's Stores, Inc. and operates Claire's e-commerce websites.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

5. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1400 based on its systematic and continuous contacts with this District and because Claire's

resides in this District. Claire's regularly transacts business in this District and has offered for sale and sold the infringing products that are the subject of this action in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1400, because Claire's has committed acts of infringement in this District and has a regular and established place of business in this District.

## BACKGROUND

7. This is an action for injunctive relief and damages arising from Claire's infringement of Plaintiff's patent under 35 U.S.C. § 271.

**History of the Parties and Relevant Patent**

8. IPH is the owner of U.S. Patent No. 10,064,461, titled "Light String with Lighting Elements Surrounded by Decorative Shroud and Retained by Snap-fit Enclosure System" ("the '461 patent"), which issued on September 4, 2018. A true and correct copy of the '461 patent is attached as **Exhibit A**.

9. The '461 patent concerns a substantial improvement in the design and manufacture of light string novelty products. The innovative snap-fit enclosure system disclosed and claimed in the '461 patent substantially reduces material costs, assembly time, and quality assurance issues for light string products, resulting in better products as well as increased margins and/or more competitive pricing, making it a desirable improvement over the prior art.

10. Light string necklaces with snap-fit enclosures under the '461 patent were manufactured and sold to major retailers and directly to customers during the pendency of the application for the '461 patent. Immediately following launch of products under the '461 patent, other manufacturers, wholesalers, and retailers began copying Plaintiff's patented product.

11. Upon issuance of the '461 patent on September 4, 2018, product sold by Plaintiff under the '461 patent has been appropriately marked with the patent number.

12. Claire as proclaimed on its website, "Claire's is a global powerhouse for self-expression, creating exclusive, curated and fun fashionable jewelry and accessories . . ."[1] Claire's business involves the distribution of accessories, jewelry, toys and other related novelty items and goods. Claire's product offerings include light string novelty products within the scope of the '461 patent, which postdate the priority date of the '461 patent.

**Claire's Infringed the '461 Patent**

13. In winter of 2019, IPH learned that Claire's was manufacturing, offering for sale, selling, using, and importing light string necklaces with snap-fit enclosures (the "Claire's Light String Products") that fall within the scope of at least independent claims 1 and 8 of the '461 patent.

14. Claire's was selling its Claire's Light String Products on its own website and through third-party marketplaces.

15. Plaintiff had not licensed or otherwise authorized Claire's to manufacture, offer for sale, or sell the Claire's Light String Products.

**Plaintiff's First Enforcement the '461 Patent against Claire's**

16. On January 25, 2019, Plaintiff, through its counsel, sent Claire's a cease and desist letter, notifying Claire's that its manufacture, importation, use, and sale of the Claire's Light String Products infringed and was infringing the '461 patent (the "January 25 Letter"). A true and correct copy of this letter is attached hereto as **Exhibit B**.

17. On March 8, 2019, Claire's, having just emerged from bankruptcy protection, responded to the January 25 Letter. Additional conversations ensued between IPH and Claire's, whereupon Claire's ceased its infringing conduct.

---

[1] https://corporate.claires.com

18. No later than September 2023, Claire's resumed its infringing conduct by reengaging in the manufacture, importation, use, and sale of Claire's Light String Products that once again infringed upon the '461 patent despite being IPH having previously placed Claire's on notice of the '461 patent vis-à-vis the January 25 Letter.

19. On September 21, 2023, upon learning that Claire's had resumed its infringement of the 461 patent, IPH demanded in writing that Claire's cease and desist its infringement of the '461 patent, advising Claire's that "particularly in light of our previous correspondence, please be advised that [Claire's continued sale of the Claire's Light String Products] may constitute willful infringement and may subject Claire's to enhanced damages." A true and correct copy of this letter is attached hereto as **Exhibit C** (the "September 2023 Letter").

20. Notwithstanding the September 2023 Letter, Claire's has failed to cease its infringement of the '461 Patent. Upon information and belief, Claire's is still selling the Claire's Light String Products, including directly and through third-party sellers, despite Plaintiff's rights in the '461 patent.

## CAUSE OF ACTION

### Count I
### (Patent Infringement)

21. Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

22. The '461 patent was duly and legally issued on September 4, 2018 to IPH, is in full force and effect and has been since the date of issuance. IPH is the current title owner of the '461 patent and thus has the right to enforce same.

23. Claire's manufactures, imports, uses, offers to sell, and sells Claire's Light String Products that infringe the '461 patent, including at least those products specifically identified above.

24. Claire's manufactures, imports, uses, offers to sell, and sells its Claire's Light String Products with actual knowledge of the '461 patent, which constitutes willful infringement of the '461 patent.

25. A representative claim of the '461 patent and accompanying photographs depicting how the Claire's Light String Products infringe the '461 patent is provided below using one of the infringing products, a product labeled as Style Number: MK 402 – Disney Light Up Necklace (Mickey Mouse), by way of non-limiting example.

26. Independent claim 1 of the '461 patent reads as follows:

1. A light string with a snap-fit enclosure, comprising:
a conductor;

a light element mounted to the conductor;

a shroud having a body having an open interior and a neck, the neck having an opening therein, open to the body interior;

a cap, the [sic] configured to fit onto the neck; and

cooperating locking elements positioned in the cap and on the neck to lock the cap to the neck, such that the cap is secured to the neck and the light element secured within the shroud without the need for an external fastener,

wherein the cap and the neck have at least two cut-outs formed therein, respective ones of the cap cut-outs and the neck cut-outs cooperating and aligning with one another to define a substantially straight-through path, the substantially straight-through path configured to receive the conductor with the cap secured to the neck,

wherein the conductor and light element are non-integral with and separate, apart and removable from the shroud and the cap, and

wherein the shroud is substantially enclosed.

27. As seen in the picture below of the exemplar infringing product, Claire's Light String Product comprises a snap-fit enclosure.



28. The Claire's Light String Product comprises a conductor and a light element mounted to the conductor. The conductor and light element are non-integral with and separate, apart, and removable from the shroud and the cap.



29. The Claire's Light String Product comprises a substantially enclosed shroud having a body with an open interior and a neck with an opening to the body's interior.



30. As seen in the first picture, in the Claire's Light String Product, the cap is configured to fit onto the neck. Furthermore, said cap contains locking elements that cooperate with locking elements on the neck of the shroud.



31. The light element of the Claire's Light String Product is secured within the shroud without the need of an external fastener. Both cap and neck have at least two cut-outs, which cooperate and align with one another to define a substantially straight-through path configured to receive the conductor with the cap secured to the neck. The Claire's Light String Products further comprise a controller.



32. Claire's acts of infringement have been carried out deliberately and willfully and without Plaintiff's consent.

33. Plaintiff's licensees have marked the patented products in accordance with the requirements of 35 U.S.C. § 287. Furthermore, Plaintiff provided Claire's with actual notice of its infringement no later than January 25, 2019.

34. In light of the above facts and allegations, Claire's is willfully infringing and has willfully infringed the '461 patent in violation of 35 U.S.C. § 271, by making, using, offering to sell, and selling in the United States and importing into the United States the infringing Claire's Light String Products.

35. Claire's further infringed and is infringing the '461 patent by actively inducing direct infringement of the '461 patent by third parties.

36. Plaintiff has been damaged as a result of Claire's acts of patent infringement and is entitled to recover damages.

37. Plaintiff is entitled to treble damages due to the willfulness of Claire's acts pursuant to 35 U.S.C. § 284.

38. Plaintiff will suffer imminent and irreparable injury unless this Court enjoins Claire's from further acts of infringement.

8

39.     This is an exceptional case entitling Plaintiff to an award of attorneys' fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.      Enter judgment in favor of Plaintiff and against Claire's;

B.      Declare that Claire's has been and is infringing, directly and indirectly, the '461 patent;

C.      Preliminary and permanently enjoin Claire's and its respective officers, agents, and employees and all others in concert or participation with Claire's from further acts of infringement of the '461 patent under 35 U.S.C. § 283;

D.      Order Claire's to file with this Court and serve on Plaintiff within thirty (30) days after service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Claire's has complied with the injunction;

E.      Award damages adequate to compensate Plaintiff for Claire's infringement of the '461 patent, together with interest and costs under 35 U.S.C. § 284;

F.      Award treble damages by reason of Claire's acts of deliberate and willful infringement of the '461 patent under 35 U.S.C. § 284;

G.      Declare this litigation to be an "exceptional case" and order Claire's to pay Plaintiff's reasonable attorneys' fees in connection with this action as provided in 35 U.S.C. § 285; and

H.      Award Plaintiff such other and further relief as this Court deems just and proper.

**REQUEST FOR JURY DEMAND**

Please take notice that Plaintiff IPH demands a jury trial in this matter for all issues so triable.

Dated: August 15, 2024

Respectfully Submitted,

/s/ *Joseph L. Cohen*
Joseph L. Cohen (#6279024)
FOX ROTHSCHILD LLP
321 N. Clark Street, Suite 1600
Chicago, IL 60654
Ph: 312.980.3876
jlcohen@foxrothschild.com

*Attorney for Plaintiff*
*I PEE HOLDING LLC*